UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:10cv257

| | |
|---|---|
| STELLA ANDREWS, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA'S LIVING CENTERS, LLC, a for profit Limited Liability Corporation organized under the laws of the State of North Carolina, et al.<br><br>Defendants. | |

## Introduction

Defendants **America's Living Centers, LLC** ("ALC") and **Kenneth Hodges** ("Hodges") (collectively, the "Defendants") seek the entry of an order requiring **Stella Andrews** (the "Plaintiff") to pay all of the Defendants' costs of the previous action, including reasonable attorneys' fees, and staying the pending action until such costs are paid.

## Statement of Facts

On June 4, 2010, Plaintiff filed a complaint in the United States District Court for the Western District of North Carolina, Asheville Division, against ALC and Hodges bearing case number 1:10-cv-114 ("*Andrews I*"). Plaintiff filed

1

*Andrews I* as a collective action pursuant to §216 of the Fair Labor Standards Act of 1938 (29 U.S.C. §201 *et seq.*) ("FLSA") on behalf of herself and other similarly situated employees, alleging violations of §206 of the FLSA (alleged failure to pay minimum wages) and §207 of the FLSA (alleged failure to pay overtime premium for hours worked in excess of forty (40) during a seven (7) day work week). On July 29, 2010, in *Andrews I*, ALC and Hodges filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims for failure to state a claim upon which relief could be granted (*Andrews I,* Doc. #15). The parties briefed the issue and the Court entered an Order on September 30, 2010, calendaring the motion to dismiss for oral argument (*Andrews I,* Doc. #21).

On November 3, 2010, after oral argument was held but before the Court entered an order on the Defendants' Motion to Dismiss, Plaintiff filed a Voluntary Dismissal in *Andrews I* pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (*Andrews I,* Doc. #30). On November 3, 2010, the same day that *Andrews I* was dismissed, Plaintiff commenced a second civil action against ALC, Hodges, and various "d/b/a"s of ALC under case number 1:10-cv-00257 ("*Andrews II"*). Plaintiff filed *Andrews II* as a collective action under the FLSA on behalf of herself and other similarly situated employees, alleging violations of §§206 and 207 of the FLSA and seeking the same relief sought in *Andrews I* against ALC and Hodges.

Defendants move this Court pursuant to Fed. R. Civ. P. 41(d)(1) for an Order requiring Plaintiff to pay ALC and Hodges their costs, including reasonable attorneys' fees, incurred in defending against the previous action and for an order staying this action until the Plaintiff has complied with the Court's order pursuant to Fed. R. Civ. P. 41(d)(2).

ALC and Hodges incurred the following costs in the previous action:

- Attorneys' fees paid to Smith Parson, PLLC – ($25,437.75) (Affidavit of Kenneth Hodges ¶7).

These fees were incurred by a firm other that the undersigned's and the bulk of the work is protected work product which Defendants cannot utilize in this action. Further, the fees were incurred as a result of Defendants' prior counsel researching and filing a motion to dismiss and supporting memorandum of law which work is no longer appropriate given the changes Plaintiff made to her Complaint when she refiled. The fees were incurred by a partner and paralegal of Smith, Parsons & Vickstom, PLLC over the course of months and are, upon information and belief, reasonable and consistent with comparable legal services in the Charlotte area. The statements attached as Attachment "1" to the Affidavit of Kenneth Hodges reflect both entries for legal services rendered and expenses associated with the prior representation.

3

# ARGUMENT

**I.  The Court, in accordance with Rule 41(d), should order the Plaintiff to pay to the Defendants all costs that the Defendants have paid and/or incurred as a result of *Andrews I*, and should stay all proceedings in this action until the Plaintiff has done so. The Court, further, if the Plaintiff has failed to pay all such costs by a deadline ordered by the Court, should dismiss this action with prejudice.**

"Rule 41(d) provides that when a plaintiff has dismissed an action but then recommenced it against the same defendant[s], the court may stay the second action and condition its relitigation on the plaintiff's payment of costs of the first action." 8 *Moore's Federal Practice* §41.70. "The purpose of Rule 41(d) is to prevent forum-shopping within the federal court system . . . [and] **serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed**. . . ." *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (citation omitted) (emphasis supplied); *accord*, *Stiftung v. Sumitomo Corp.*, 2001 U.S. Dist. LEXIS 20746, 2001 WL 1602118 at *9 ("**The intended purpose of Rule 41(d) -- namely, to deter** forum shopping and **vexatious litigation**, -- **is particularly applicable here given that Plaintiff's admitted purpose in voluntarily dismissing the [prior] suit was to avoid this court's . . . [o]rders.**") (citation omitted) (emphasis supplied).

> Specifically, Rule 41(d) provides that:
>
> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

4

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. Rule 41(d).

Plaintiff filed her initial action against ALC and Hodges asserting violations of §§206 and 207 of the FLSA. She asserted the same claims against these same parties in her second action, which was filed the same day that her first action was voluntarily dismissed.

Although the two cases are not identical, there is a substantial identity of claims and parties between the two actions because Plaintiff asserts the same claims against ALC and Hodges seeking the same relief. Rule 41(d) requires only that the second action be based on or include the same claim against the same defendant. *Crespo v. WFS Fin., Inc.,* 580 F. Supp. 2d 614, 625 (N.D. Ohio 2008); *Chien v. Hathaway*, 1994 U.S. App. LEXIS 3365, *2-3 (9th Cir. 1994); and *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996). In the second action, Plaintiff identifies as parties to the action various alleged trade names of ALC and/or Hodges, all of which (presuming without conceding that any of them has the capacity to be sued in accordance with Rule 17(b)) are, allegedly, nothing more than trade names of ALC and/or Hodges. The dictates of Rule 41(d) therefore apply. ALC and Hodges, moreover, need not demonstrate that the Plaintiff

engaged in bad faith to be awarded costs under Rule 41(d). *Esquivel,* 913 F. Supp 1382, 1388; *Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868 (6th Cir. 2000).

### *A. Attorneys' fees are a component of costs under Rule 41(d)(1).*

There is a split of authority as to whether Fed. R. Civ. P. 41(d) allows a defendant to recover attorney's fees as part of an award of "costs", but the majority of courts have, quite appropriately, resolved the issue in the affirmative. "There is a split of authority as to whether Rule 41(d) authorized attorney fees as part of an award of 'costs', but it seems that the majority of courts find that attorney fees are available under Rule 41(d)." *Rogers,* 230 F. 3d 868, at 874.

One such court in the Fourth Circuit, for example, has held that the term "costs" in Rule 41(d)(1) includes attorney's fees expended by a defendant in the previously dismissed action. "If Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from unnecessary or vexatious litigation, there does not seem to be a clear reason why Rule 41(d) would provide only for an award of costs exclusive of attorney's fees, since the typical defendant cannot adequately defend a case without incurring such fees." *Katen v. Katen*, 1998 U.S. Dist. LEXIS 11592 (E.D.N.C. 1998), quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996).

Under Rule 41(d), the Court has the discretion to grant attorneys' fees to a Defendant to effectuate the purposes of Rule 41(d), which include deterring vexatious litigation. "Rule 41(d) gives the court discretion to grant attorney's fees, as it may deem proper, as part of 'costs of action previously dismissed'. The reason is that the Federal Rules' promulgators clearly answered whether attorney's fees are a part of costs for purposes of the Federal Rules by amending Rule 54(d)—the costs provision--in 1993." *Cadle Co. v. Beury,* 242 F.R.D. 695, 698 (S.D. Ga. 2007) (distinguishing the holding in *Marek v. Chesny*, 473 U.S. 1, 105 S. Ct. 3012 (1985) which based its analysis of the term 'costs' on the 1985 version of Rule 54(d) as opposed to the 1993 version). The Court in *Cadle*, noted that the 1993 amendment to Rule 54(d) "divided the Rule into two subsections entitled "Costs Other than Attorneys' Fees" and "Attorneys' Fees." This subdividing clarifies that attorney's fees are considered by the Rule drafters to be a part of 'costs.'" *Cadle,* at 698. Further, "[h]ad the Rule drafters intended Rule 41(d) to not include attorney's fees, they would have deployed the same phrase "costs other than attorneys' fee" utilized in Rule 54(d)(1)." *Id.*

Even if the Court were to conclude that the term "costs" is ambiguous as used in Rule 41(d)(1), the Court should interpret the term to include attorneys' fees.

7

> [I]t *shall be construed* and administered to secure the just, speedy, and inexpensive determination of every action. F.R.Civ.P. 1. . . . To interpret "costs" in Rule 41(d) to exclude attorney's fees would render that Rule a dead letter, eliminating any deterrence it would provide. . . . To summarize, the word "costs" in Rule 41(d), as evidenced by the 1993 amendment to Rule 54(d), includes attorney's fees. Alternatively, the term "costs" is at least ambiguous, and thus under Rule 1's just, speedy, and inexpensive litigation prism it must be read to include attorney's fees. Either way, Rule 41(d) affords the Court discretion to award attorney's fees as part of the 'costs of the action previously dismissed.'"

*Id.,* at 698 (emphasis in original).

Some courts that have awarded attorney's fees under 41(d) have held that the Defendant cannot recover for fees associated with work that can be used in the second action. *Ketan v. Ketan*, 1998 U.S. Dist. LEXIS 11592 (E.D.N.C. 1998); *Adams v. N.Y. State Educ. Dep't.*, 630 F. Supp. 2d 333 (S.D.N.Y. 2009). The majority if not all of the fees requested by Defendant, however, cannot be used in this action. The bulk of Defendants' fees incurred in the previous action were incurred as a result of their former counsel's having filed a motion to dismiss and accompanying brief and reply. Such work product cannot be used in the pending litigation and thus, the Court should exercise its discretion and order Plaintiff to pay Defendants' for these costs.

### B. The Court should stay this action until Plaintiff pays Defendants' costs, including reasonable attorneys' fees, incurred and/or paid as a result of *Andrews I.*

The Court is empowered to stay the entire second proceeding pursuant to Rule 41(d)(2) until the Plaintiff has paid the Defendants' costs incurred in *Andrews I*, including their reasonable attorneys' fees. If the Plaintiff fails to pay the Defendants costs within a time certain, which should be decided by the Court, the Defendants ask that the Court dismiss the Plaintiff's action with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Defendants ask, in accordance with Rule 41(d), that the Court order the Plaintiff to pay the Defendants' costs, including reasonable attorneys' fees, incurred as a result of *Andrews I*, and that the Court stay this action until the Plaintiff has complied with the Court's order. If the Plaintiff has failed to comply with the Court's order within ninety (90) days, the Defendants ask that the Court dismiss the Plaintiff's action with prejudice.

Respectfully submitted, this the 5th day of April, 2011.

    s/Hayley R. Roper
    Grant B. Osborne
    N.C. State Bar # 13316
    Hayley R. Roper
    N.C State Bar #38465
    **McGuire, Wood & Bissette, P.A.**
    P.O. Box 3180
    Asheville, North Carolina 28802-3180

(828) 254-8800
E-Mail: gosborne@mwbavl.com
hroper@mwbavl.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert C. Carpenter
bocarpenter@huntercarpenter.com

Joseph H. Cassell
jhcassell@redmondnazar.com

Terry D. Smith
tsmith@smithlawoffices.net

Betty Dean Gosnell
Gosnell1953@yahoo.com

Sheila Annette Barnard
213 Dennis Street
Swannanoa, NC 28778

Sherry Marie Hensley
lilthreek@yahoo.com


This the 5th day of April, 2011.

                                        s/Hayley R. Roper
                                        Grant B. Osborne
                                        N.C. State Bar # 13316
                                        Hayley R. Roper
                                        N.C State Bar #38465
                                        **McGuire, Wood & Bissette, P.A.**
                                        P.O. Box 3180

Asheville, North Carolina 28802-3180
(828) 254-8800
E-Mail: gosborne@mwbavl.com
hroper@mwbavl.com

**COUNSEL FOR ALL DEFENDANTS**

4843-1131-6489, v. 1