IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:10 cv 257

| | |
|---|---|
| STELLA ANDREWS, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S LIVING CENTERS, LLC, a North Carolina limited liability company, *et al.*,<br><br>Defendants. | RESPONSE TO MOTION FOR ATTORNEY FEES AND STAY |

Plaintiff responds to defendants' motion pursuant to Rule 41(d)(2), as follows:

### STATEMENTS OF FACT

1. Plaintiff filed the original action on June 4, 2010 for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA).

2. Plaintiff alleged violations of 29 U.S.C. § 206, minimum wage and 29 U.S.C. § 207, maximum hours provisions of the FLSA.

3. On July 28, 2010, defendant filed a Fed. R. Civ. Pro. 12(b)(6) motion.

4. On October 20, 2010, this Court held a hearing pertaining to defendants' 12(b)(6) motion.

5. During the hearing, the Court expressed concerns that the Complaint, did not meet the enhanced pleading requirements under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and both plaintiffs' then local and primary counsel admittedly

missed the revision to Fed. R. Civ. Pro. 15(a)(1)(B), allowing a party to file an amended pleading as a matter of course.

6. After consultation with current local counsel and weighing the options, plaintiff's counsel made the decision to seek voluntarily dismissal, which the Court allowed without prejudice.

7. Defendants moved for attorney fees pursuant to Rule 41(d) at the hearing held on October 20, 2010, and the Court denied that motion.

8. The Court entered an order dismissing the case on November 2, 2010 and the present action was filed on November 3, 2010.

9. With the exception of the addition of greater detail in the Complaint to meet the Twombly requirements, the material portion of plaintiff's Complaint remains the same, alleging violations of the minimum wage and maximum hour portions of the FLSA.

## **DISCUSSION**

Defendants come before this Court seeking costs, which defendants claim includes attorney fees under Fed. R. Civ. Pro. 41(d)(2). For the reasons set forth below, the Court should deny defendants' motion.

Defendant's motion has no basis in law or fact. The cases cited by defendants fail to support their novel position that this court should award attorney fees against plaintiff because they voluntarily dismissed the previous action. For example, in defendants' own memorandum, they state that "[t]he intended purpose of Rule 41(d) - - [is] namely, to deter forum shopping and vexatious litigation, -- is particularly applicable here give the Plaintiff's admitted purpose in voluntarily dismissing the prior suit was to

2

avoid this court's . . . order." (Doc. 27, p. 4, citing Stuftung v. Sumitomo Corp., 99 CIV 1108, 2001 WL 1602118 (S.D. N.Y. Dec. 14, 2001)).  This quote is presented to the Court in a vacuum and does not fully explain the New York Court's holding or the circumstances that led the New York court to use such language.

In Stuftung, the Court said "[t]he intended purpose of Rule 41(d) - namely, to deter forum shopping and vexatious litigation * * * - is particularly applicable here given that Plaintiff's admitted purpose in voluntarily dismissing the suit was to avoid this Court's July 9 and July 12 Orders." Id. at *9.  The Court in Stiftung stated in its opinion:

> Aside from his misrepresentations and evasions concerning the trustee's depositions and Cretti's resignation, Massoud's own statements before this court reveal that he dismissed this action <u>with the express purpose of avoiding the consequences of deliberate noncompliance with the Court's July 9 Order</u>, and with the intention of re-filing the case at a later date. According to Massoud:
>
> Based on the fact that contact could not be made and arrangements could not be made to have the trustees appear for the week of July 12 in London, I, upon return to my office on the morning of July 12, what I did is I contacted the trustees in Bern, Switzerland, as well as Vaduz, Liechtenstein, to try to see what we could do under those circumstances. Based on what has happened throughout these proceedings from Haveles' part, we knew that if we can't get them to London on the week of July 12, he was going to seek dismissal of the action and everything else. At that point, as is the right of the plaintiff, under Rule 41(a)(1)(i) we filed a voluntary dismissal and immediately faxed copies thereof to counsel for all defendants .... It was done specifically not to have the case dismissed, having had no cooperation from Mr. Haveles from the beginning.

Id., at *4.  (emphasis supplied).

In stark contrast to Stiftung, plaintiff in the prior case was open and candid with the Court and made no excuses or attempted to avoid the issue, other than arguing that the pleadings were sufficient to meet the Twombly standard.  Further, unlike most cases, plaintiff has suffered harm in this matter.  The statute of limitations runs from the

date plaintiff either brings an FLSA action or joins an FLSA collective action as an opt-in plaintiff., This "running statute of limitations" has caused plaintiffs to forfeit recoverable back pay from the time the case was voluntarily dismissed to the date of refile.

Defendants also cite Crespo v. WFS Fin., Inc., 580 F. Supp. 2d 614, 625 (N.D. Ohio 2008), Chien v. Hathaway, No. 92-56110, 1994 WL 48319 (9th Cir. Feb. 17, 1994) and Esquivel v. Arau, 913 F. Supp. 1382 (C.D. Cal. 1996) for the proposition that "[a]lthough the two cases are not identical, there is a substantial identity of claims and parties between the two actions . . . [and] Rule 41(d) requires only that the second action be based on or include the same claim against the same defendant." (Doc. 27, p. 5). The vastly different fact pattern of those cases reveals why the court awarded costs there and illustrates why awarding costs to defendants here is inappropriate.

In Crespo v. WFS Fin., Inc., plaintiffs filed a complaint and amended complaint alleging violations of various Oregon laws pertaining to the disposal of secured property by a creditor, notice associated with such disposal and other laws. Defendants filed a motion to dismiss and a motion for costs due to plaintiffs filing and voluntarily dismissing an allegedly identical state law claim two years prior. Crespo, 580 F. Supp. 2d at 616.

In the state law cause of action, the parties engaged in settlement negotiations with no formal discovery being taken for two years. Id., at 624. Plaintiffs filed a motion to amend which would have added the class action allegations and defendants objected. Id. After more than two years had passed, the defendant indicated that it was no longer interested in settling the case and the court set a discovery deadline. Id. After facing a response deadline to a motion to compel seeking plaintiff respond to outstanding discovery and appear for depositions, plaintiffs voluntarily dismissed the

state law cause of action, almost three years after filing the original action. (Original action filed on Jan. 3, 2002 and voluntarily dismissed on Dec. 2, 2004). Id. Plaintiffs then refiled in federal court. The Court found that plaintiffs' dismissal was a tactical decision to avoid a likely involuntary dismissal for failing to "comply with the court's Oder compelling discovery and depositions." Id. at 625. Consequently, the court awarded $388.95 in **costs** and did not award attorney fees.

In Chien v. Hathaway, No. 92-56110, 1994 WL 48319 (9th Cir. Feb. 17, 1994), the plaintiff originally brought suit in state court, three months later voluntarily dismissed and three months after the voluntary dismissal, brought suit in federal court. The plaintiff in Chien offered "no persuasive explanation for his litigative conduct." Id. Thus the court awarded $1,042.25 in **costs**, and did not award attorney fees Id.

Finally, in Esquivel v. Auar, 913 F. Supp. 1382 (C.D. Cal. 1996), the defendant filed two parallel causes of action in New York. One in state court and a nearly identical cause of action in Southern District of New York, which added two claims for copyright infringement and two claims for declaratory judgment. Id., at 1385. Defendants filed a motion to dismiss the federal court cause of action based on lack of personal jurisdiction and improper venue. Id. Before a response to the motion to dismiss was due, plaintiffs filed a complaint in the Central District of California, adding claims for constructing fraud and other torts. Id. On the day the response to the motion to dismiss was due, plaintiffs voluntarily dismissed the cause of action in the Southern District of New York.

Finding the plaintiff in Esquivel liable for costs, the court noted several factors in reaching its decision. First, the "choice of the Southern District of New York as a forum was questionable, to say the least. As an initial matter, it is clear that the plaintiff bears

5

the responsibility of determining the appropriate forum in which to prosecute her case * * * and of establishing that personal jurisdiction exists." Id., at 1387. Second, the plaintiff voluntarily dismissed the case prior to an answer or summary judgment motion being filed, terminating the case without court approval and the court being able to impose conditions on such voluntary dismissal. The court stated, "[t]his is significant, because a district court may require payment of litigation costs by the plaintiff as a condition to granting the dismissal under Rule 41(a)(2)." Id., at 1386. Finally the court noted:

> [i]t is difficult to see how Esquivel's strategy differs in essence from that of the typical plaintiff who falls within the scope of Rule 41(d). Esquivel clearly initiated the instant action [in the C.D of California] only because she planned soon thereafter to dismiss the Southern District [of New York] action, which she did only three weeks later."

Id., at 1387

This matter is easily distinguishable from these cases. Here, it was defendants' motion to dismiss and the Court's comments that it was inclined to dismiss the case based on Twombly standards that prompted plaintiff here to seek a voluntarily dismissal of the case. The Court imposed no conditions on dismissal and denied a motion for attorney fees when sought by defendants. Plaintiffs were not forum shopping as they refiled in the same Court as they dismissed from; they did not voluntarily dismiss to avoid any deadlines or Orders imposed by the Court; and plaintiffs were ready and fully anticipated on prosecuting this case in accordance with the Rules of Civil Procedure and the Local Rules of the Western District of North Carolina. If defendants wish to place blame, they need only look inward for their scapegoat.

"Rule 41(d) is intended to confer a broad ambit of discretion upon federal courts." United Transp. Union v. Maine Central Railroad Co., 107 F.R.D. 391, 392 (D. Me. 1985). "The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." Id. (emphasis supplied) Aside from repeated filing of the same suit, "Rule 41(d) is to prevent forum shopping . . . by requiring plaintiffs to shoulder the costs incurred by a defendant defending against the previously filed action." Espenscheid v. Directsat USA, LLC, 708 F. Supp. 2d 781, 795 (W.D. Wis. 2010) (awarding costs but not attorney fees because "there is no evidence that plaintiffs' claims are frivolous or that they were brought in bad faith.) Id. See also Beam Laser Systems, Inc. v. Cox Commc'n, Inc., 117 F. Supp. 2d 515, 519 (E.D. Va. 2000); Exposito v. Piatrowski, 223 F.3d 497, 501 (7th Cir. 2000). "Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus waiting (*sic*) litigant expense and judicial resources." Cadle Co. v. Beury, 242 F.R.D. 695, 698 (S.D. Ga. 2007).

In the instant matter, it is undisputed that plaintiffs sought and received a voluntary dismissal due to a defect in plaintiff's complaint. Some Courts have declined to award costs where the plaintiff's motive for voluntary dismissal was to cure a procedural or pleading defect. See Wason Ranch Corp. v. Hecla Mining Co., No. 07-CV-267, 2008 WL 906110 (D. Colo. March 31, 2008) (addressing voluntary dismissal and refiling of suit after the proper and required notice had been presented to defendants); Loubier v. Modern Acoustics, Inc., 178 F.R.D. 17 (D. Conn. 1998)

(assessing costs and attorney fees as they pertained to the fourth suit only that was filed); and Hackett v. Proctor & Gamble Co., No. 06-CV-2272, 2008 WL 538444 (S.D. Cal. Feb. 27, 2008) (holding the payment of fees costs under Rule 41(d)(1) is not mandatory where the proposed Second Amended Complaint, brought more than a year after the First Amended Complaint was filed "is not warranted here because the costs and fees associated with deposing co-Plaintiffs were part of the normal litigation process, and Defendant has not established that co-Plaintiffs' claims were frivolous or brought in bad faith.").

From the above, it is clear that plaintiffs were not seeking to gain any tactical advantage by filing and dismissing the present suit by forum shopping or attempting to avoid deadlines or Orders of the Court. Plaintiffs, if anything, were harmed by the delay the dismissal and refiling caused. Plaintiffs voluntarily dismissed in order to remedy a defect in the pleadings under Twombly and an oversight by then local and primary counsel that would have allowed plaintiffs to amend without leave from the Court. Based on the above, defendants' motion for costs should be denied in its entirety.

Defendants incorrectly seek attorney fees as part of their "costs." "Costs" are defined by statute and nowhere in that definition are attorney fees listed. 28 U.S.C. 1920. Rule 41(d), in contrast to Rule 54, only says "costs" should be awarded, not attorney fees. Lawson v. Toney, 169 F. Supp. 2d 456 (M.D. N.C. 2001). Lawson is particularly instructive here.

In Lawson, Lawson, an inmate in the North Carolina correctional system filed a cause of action in state court. Two days before the hearing on a motion to dismiss, plaintiff filed a notice of voluntary dismissal and refiled in federal court alleging the same

8
Case 1:10-cv-00257-MR-DLH   Document 28   Filed 04/18/11   Page 8 of 14

facts and claims. Id., at 462. Toney filed a motion for costs and stay of proceeding under Fed. R. Civ. Pro. 41(d) seeking costs, attorney fees and a stay. The Middle District of North Carolina denied the claims for attorney fees stating, "because the plain language does not explicitly provide for attorney's fees, "costs" under Rule 41(d) do not include attorney's fees." Id., at 465. "Although the purposes of Rule 41(d), which are to discourage forum shopping and prevent vexatious litigation, are severely compromised by not including attorney's fees, the court is not writing on a clean slate and must follow the plain language of the rule. Because Defendant Toney did not seek any costs, excluding attorney's fees, the action against Defendant Toney may proceed." Id. The Court here must follow the plain language of Rule 41(d) and deny defendants' motion for attorney fees.

Only one case in the Fourth Circuit has awarded attorney fees pursuant to Rule 41(d). In 1998, the Eastern District of North Carolina, read attorney fees into Rule 41(d) and awarded partial attorney fees to defendants. Katen v. Katen, No. 97-CV-275, 1998 WL 721092 (E.D. N.C. March 4, 1998) Other than citing Esquivel, which was distinguished above, the Court does not explain why attorney fees were awarded. That failure hinders this Courts ability to accurately compare that case to this one. The Court, instead, should follow the reasoning of other persuasive authority.

For example, in Esposito v. Piatrowski, 223 F.3d 497 (7th Cir. 2000), the Seventh Circuit addressed the issue of attorney fees being awarded in a Rule 41(d) context and held that it would permit such recovery "only to those instances where the underlying statute that is the basis of the original action permits the recovery of fees as costs." Id., at 501. The FLSA at 29 U.S.C. § 216(b), limits the recovery of attorney fees to the

plaintiff only, not the defendant. "The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory . . . ." Almendarez v. J.T.T. Enterprises Corp., No. 06-68, 2010 WL 3385362 (D. Md. Aug. 25, 2010). "In an FLSA action, the court . . . shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and cost of the action. 29 U.S.C. § 216." Id. "The ADEA does not expressly provide for an award of attorneys' fees, but incorporates by reference the provision of the Fair Labor Standards Act." Colbert v. Yadkin Valley Tel. Membership Corp., 960 F. Supp. 84, 85 (M.D. N.C. 1997) "neither the ADEA nor the FLSA expressly provide for an award of attorneys' fees for the successful defendant." Id.

The language of Rule 41(d) speaks only generally of payment of costs and does not specifically mention attorneys' fees. Ordinarily, attorneys' fees are not taxable as costs. See Wheeler v. Durham City Board of Education, 585 F.2d 618, 623 (4th Cir. 1978)" Simone v. First Bank Assn., 125 F.R.D. 150, 155 (D. Minn. 1989). "Thus Congress knew how to provide for recovery of attorneys' fees and its failure to provide in Rule 41(d) suggests that attorneys' fees are not to be considered as part of "costs for the purposes of a Rule 41(d) motion." Id.

Once again, the purpose of Rule 41(d) is to prevent vexatious and repetitive litigation. "Vexatious suit" is defined by Blacks' Law Dictionary as "[a] lawsuit instituted maliciously and without good cause." Black's Law Dictionary, 1559 (7th ed. 1999). In no way can plaintiffs' conduct in refiling the instant matter be seen as vexatious; nobody argues that plaintiffs acted maliciously and without good cause. The voluntary dismissal was promoted by defendants' motion to dismiss and not for plaintiff to gain any

advantage or to go forum shopping. Accordingly, defendant's request for attorney's fees should be denied in total.

Finally defendants seek a stay should the Court rule in their favor. "The rule is permissive in nature and does not require the issuance of an automatic stay." Simone, 125 F.R.D. at 153. "The purpose of the rule is to prevent vexatious suits and to secure the payment of costs." Id. "[T]he court must be guided by extreme caution in staying an action brought in good faith." United Transp. Union v. Maine Central Railroad Co., 107 F.R.D. at 392. There are multiple reasons why a motion to stay should be denied.

First, nothing about plaintiff's action can be seen as vexatious in any way shape or form. This Court granted plaintiff's request for a voluntary dismissal at the motion hearing; the dismissal and subsequent refiling of the suit was the result of a pleading defect, not to harass the defendant or forum shop. Plaintiffs added much more detail to their Complaint in order to prevent any chance of defendant attacking it once more under Twombly. Plaintiffs could have just as easily brought the suit with a different named plaintiff, and added Ms. Andrews as an opt-in the day after filing the instant action, thus depriving defendant of any chance at delay.

Second, any delay in answering the Complaint prejudices the rights of potential opt-in plaintiffs. Under the FLSA, potential plaintiffs may opt-in to the lawsuit. This opt-in process is facilitated by the Court and notices are issued to potential plaintiffs informing them of their right to opt-in. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). Early notice to potential members of the class is imperative because the statute of limitations continues to run in each of their claims. Houston at 831. By filing the motion for attorney fees and a motion to stay, defendants have delayed

answering the complaint, which delays the initiation of the opt-in process.  A motion to stay would further delay this process and greatly prejudice the rights of potential plaintiffs.

Additionally, Defendants' have allowed too much time to pass in which to seek relief under Rule 41(d).  Plaintiffs' counsel has been unable to find any authority on exactly how long a defendant has to file a Rule 41(d) motion to recover costs.  Therefore, the closest rule by analogy is LCvR 54.1 – TAXATION OF COSTS OTHER THAN ATTORNEYS' FEES.  While defendants here are not technically a "prevailing party" there certainly must be some constraint on the ability to file a Rule 41(d) motion. Best Indus., Inc. v. CIS BIO Intern., 134 F.3d 362 (4th Cir. 1998) (holding that a voluntary dismissal without prejudice does not render defendant the prevailing party.)

Here, defendants waited 61 days from the date defendants were served to file his Rule 41(d) motion.  As shown at Doc. 19, service on defendants was accomplished on Feb. 3, 2011, yet defendants' did not file their motion under Rule 41(d) until April 5, 2011.[1]  LCvR 54.1 clearly provides that a prevailing party must file a bill of costs within 30 days after: (A)(1) the time for appeal or (A)(2) receipt by the Clerk of the Court of the mandate or order terminating the action on appeal.  Here, the running of the time in which defendants would have been required to file his Rule 41(d) motion started not when the case was filed but when service was perfected on defendants because a defendants may not have been aware that a cause of action had been refiled.  Therefore, as stated in LCvR 54.1(C), "The failure of the prevailing party to timely file a bill of costs shall constitute a waiver of any claim for costs."

---

[1] It's worth noting defense counsel requested plaintiffs' counsel and this Court for an extension of time to answer the complaint until April 5, 2011, but instead filed this motion pursuant to Rule 41(d), on April 5, 2011.

Other compelling reasons warrant denial of defendants claim for attorney fees and a stay. Defendants' previous request for attorney fees was denied by the Court at the hearing on October 20, 2010. This new request should be a request for reconsideration and be denied under *res judicata* principles. Additionally, defense counsel has submitted no affidavits or proof of attorney fees incurred in the previous action. Even the court in Katen required proof of attorney fees.

Finally, the conceptual paradox inherent in awarding attorney fees against these plaintiffs cannot be lost on the court. These plaintiffs have not been and continue to be denied their rightful wages by defendants. It is, therefore, highly unlikely they have the funds to pay any attorney fee or cost award precisely because defendants have failed to pay them the correct wages.

This the 18th day of April, 2011.

s/Joseph H. Cassell
Joseph H. Cassell *pro hac vice*
REDMOND & NAZAR, L.L.P.
245 North Waco Street
402 Farm Credit Building
Wichita, Kansas 67202
Telephone: 316-262-8361
Fax: 316-263-0610
e-mail: jhcassell@redmondnazar.com

s/Terry D. Smith
Terry D. Smith *pro hac vice*
SMITH LAW OFFICES
224 East Harvey St.
Wellington, Kansas 67152
Telephone: 316 361-0062
Fax: 316-361-0703
e-mail: tsmith@smithlawoffices.net

HUNTER AND CARPENTER, PLLC

s/Robert C. Carpenter
Robert C. Carpenter
NC Bar No.: 36672
One Pack Square, Suite 402
Asheville, N. Carolina 28801
Telephone: 828-281-1940
Fax: 828-281-9069
e-mail: bocarpenter@huntercarpenter.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2011, I electronically filed the above and foregoing Response to Motion for Attorney Fees and Stay with the Court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system

  s/ Joseph H. Cassell
  Joseph H. Cassell