# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv257

| | |
|---|---|
| STELLA ANDREWS, individually, and on behalf of similarly situated persons, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICA'S LIVING CENTERS, LLC, )<br>a for profit Limited Liability )<br>Corporation organized under the laws )<br>of the State of North Carolina, et al. )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is Defendants' Motion to Stay and for Costs [# 26]. Defendants American Living Centers, LLC and Kenneth Hodges ("Defendants") move the Court pursuant to Rule 41(d) to assess costs, including attorneys' fees, against Plaintiff for the costs Defendants incurred in connection with a previously filed action, which Plaintiff voluntarily dismissed. In addition, Defendants move the Court to stay this case pending the payment of costs. The Court **GRANTS** Defendants' motion [# 26].

    **I.    Background**

Plaintiff, who was represented by counsel, brought a prior action in this Court against American's Living Centers, LLC ("ALC") and Kenneth Hodges asserting a collective action pursuant to the Fair Labor Standards Act. Plaintiff sought the recovery of unpaid minimum wages and overtime wages. Defendants moved to dismiss the Complaint for failure to state a claim. After the parties fully briefed the motion, the Court scheduled a hearing on the motion to dismiss. In its Order setting the hearing, the Court pointed to several concerns with the Complaint. (Order, Sept. 30, 2010, 1:10cv114). Subsequently, Plaintiff moved for leave to file an Amended Complaint.

The Court held a hearing on the motion to dismiss and motion for leave to file Amended Complaint on October 20, 2010. Approximately two weeks later, Plaintiff voluntarily dismissed the action without prejudice pursuant to Rule 41(a)(1)(A)(i). That same day, however, Plaintiff filed an action against ALC, Hodges, and several entities that Plaintiff alleges are affiliated with ALC. This second action, like the first one, was a collective action under the FLSA seeking unpaid minimum wages and overtime wages. Defendants now move for an award of the costs they incurred in defending the prior action, as well as an Order staying this case pending the payment of such costs.

**II. Analysis**

Rule 41(d) of the Federal Rules of Civil Procedure provides that the Court may order a plaintiff to pay all or part of the costs in a previous action and stay the proceedings until the plaintiff pays these costs, where "a plaintiff who previously dismissed an action based on or including the same claim against the same defendant. . . ." Fed. R. Civ. P. 41(d). Whether or not to impose costs is a matter to the discretion of the district court. 9 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 2375 (3rd ed. 2008). A showing of bad faith is not required to impose an award of costs under Rule 41(d). See Siepel v. Bank of America, N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006).

Here, it is undisputed that Plaintiff previously dismissed an action that included the same claims against the same defendants. Under the plain language of the statue, Defendants are entitled to an award of costs and a stay of these proceedings until Plaintiff pays these costs. See Fed. R. Civ. P. 41(d). Moreover, an award of costs is warranted in this case because Plaintiff, who is represented by counsel, voluntarily dismissed the first action shortly after a hearing on a motion to dismiss in order to avoid an adverse ruling. Plaintiff then re-filed the action *the very same day*. Finally, this result is consistent with Rule 1, which states that Courts should construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiff's actions have delayed the resolution of this case, increased the costs of defending this action, and wasted the judicial resources of the Court. Accordingly, the Court finds that an award of costs is just and fair based on the facts of this case.

Although some Courts have determined that courts cannot award attorneys' fees as part of an award of costs under Rule 41(d) because the express languages of the statute does not mention attorneys' fees, see e.g., Lawson v. Toney, 169 F. Supp. 2d 456, 466 (M.D.N.C. 2001), a majority of courts, as well as some commentators, have concluded that the rule implicitly authorizes an award of attorneys' fees, see e.g., 9 Wright, Miller, Kane, & Marcus, supra § 2375; Cadle Co. v. Beury, 242 F.R.D. 695, 698 (S.D. Ga. 2007); Siepel, 239 F.R.D. at 563. The Court agrees with the reasoning of those courts that have found that "costs," as that term is used in Rule 41(d), includes attorneys' fees. See e.g., Cadle, 242 F.R.D. at 698-99. Accordingly, Rule 41(d) grants the Court discretion to award attorneys' fees in this case as a component of the costs of the prior action.

An award of costs and attorneys' fees is appropriate in this case, which Plaintiff voluntarily dismissed shortly after a hearing on a motion to dismiss and re-filed the very same day. The Court, however, will limit the award of attorneys' fees to those fees incurred in briefing the motion to dismiss, attending the hearing, and preparing for the hearing. The Court **DIRECTS** the parties to Confer in an attempt to determine

the amount of costs incurred. If the parties cannot agree, Defendants should file a bill of costs with supporting affidavits. The Court will then make a determination as to what is a reasonable award of costs, including attorneys' fees. Finally, the Court **STAYS** this action pending the payment of costs by Plaintiff.

III.    **Conclusion**

The Court **GRANTS** Defendants' Motion to Stay and for Costs [# 26]. Pursuant to Rule 41(d), the Court **AWARDS** Defendants the costs of the previous action, 1:10cv114. The Court **DIRECTS** the parties to **CONFER** in an attempt to determine the amount of costs reasonably incurred by Defendants. If the parties cannot agree, Defendants shall submit a bill of costs with supporting affidavits within ten (10) days of the entry of this Order setting forth the costs incurred in the prior action, including the attorneys' fees incurred in filing the motion to dismiss, preparing for the hearing, and attending the hearing on this motion. The Court **STAYS** this action pending the payment of costs by Plaintiff.

Signed: August 3, 2011

Dennis L. Howell
United States Magistrate Judge