IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:10 cv 257

STELLA ANDREWS, individually and )
on behalf of similarly situated )
persons, )
)
)
       Plaintiff, )
)
v. )    **OBJECTION TO MAGISTRATE'S**
)    **ORDER, PURSUANT TO RULE 72(A)**
AMERICA'S LIVING CENTERS, LLC, )
a North Carolina limited liability )
company, *et al.*, )
)
)
       Defendants. )
)

## BACKGROUND

Plaintiff brought this action seeking unpaid minimum wage and overtime for her as well as a class of similarly situated individuals. Defendants brought a Fed.R.Civ.Pro. 12(b)(6) motion based on plaintiffs' alleged insufficient pleadings. Plaintiff duly responded to this motion arguing that the pleadings were sufficient. At the hearing regarding the 12(b)(6) motion, the Court expressed concern about the sufficiency of the pleadings filed by plaintiffs' counsel and strongly indicated that it was inclined to grant defendants' motion. The Court, however, noted that Plaintiff could avoid a granting of a 12(b)(6) motion if they voluntarily dismissed the case and then filed it again with more facts included in the Complaint.

Following the Court's suggestion, Plaintiff told the Court that they planned to dismiss the action and refile. Plaintiff did just that two weeks after the hearing, alleging the same facts, parties and law as the prior case but with more detailed pleadings. As a result of this new case, defendants' are seeking attorney fees under Rule 41(d).

On August 8, 2011, Judge Howell granted defendants' motion for attorney fees pursuant to Rule 41(d) for only those attorney fees incurred in the briefing the motion to dismiss, attending the hearing and preparing for the hearing. However, if the parties cannot agree on the amount in attorney fees to be paid, Judge Howell seems to be indicating that he may grant an award for all attorney fees incurred in prior litigation, including those incurred in the 12(b)(6) motion and attorney fees for work that would be applicable to the present cause of action.

## ARGUMENT AND AUTHORITIES

In his ruling (Doc. 30), Judge Howell cited the plain language of Fed. R. Civ. Pro. 41(d) and an interpretation of the rule in Wright & Miller's Federal Practice and Procedure that the decision to impose costs is a matter of discretion for the Court and that a showing of bad faith is not required. Judge Howell stated that there is a split in the issue of attorney fees as costs even within the districts of North Carolina, citing Lawson v. Toney, 169 F. Supp. 2d 456, 466 (M.D. N.C. 2001) (attorney fees in Rule 41(d) context not available because no express allowance of such). Finally, Judge Howell relied upon Siepel v. Bank of America, N.A., 239 F.R.D. 558 (E.D. Mo. 2006) and Cadle Co. v. Beury, 242 F.R.D. 695 (S.D. Ga. 2007) to support his ruling that attorney fees should be imposed upon plaintiff as costs under Rule 41(d).

Plaintiff in no way concedes that attorney fees are allowed under Rule 41(d). Plaintiff's full argument on the issue is briefed in their Response to the Motion for Attorney Fees. But even assuming *arguendo* that attorney fees are considered "costs," attorney fees cannot be awarded here because the policy reason behind Rule 41(d), *i.e.* to prevent vexatious litigation, is not found here. A simple comparison between the cases cited by Judge Howell and this case illustrates this point and why attorney fees cannot be awarded.

In Cadle, plaintiff brought suit in Texas state court, for the difference owed on three promissory notes he had acquired from the defendant and the amount the property sold for after foreclosure. Cadle, 242 F.R.D. at 696. After fifteen months of litigation, over $40,000 in attorney fees, a two and one-half hour hearing on a statute of limitations issue, plaintiff dismissed the Texas cause of action and refiled in the Southern District of Georgia to collect damages based on two of the three original notes. Id. As a result, defendants sought attorney fees under Rule 41(d) for the costs of the Texas state court cause of action. Id.

In finding that Rule 41(d) allows for attorney fees as costs, the Cadle court stated:

> If Rule 41(d) is ambiguous, then it "shall be construed and administered to secure the just, speed, and inexpensive determination of every action." F.R.Civ.P. 1 (emphasis added). Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expense and judicial resources.

242 F.R.D. at 698. Here, there is no evidence that plaintiff "chang(ed) forums mid-litigation and forc(ed) a new court to start from scratch, thus wasting litigant expense and judicial resources." It was defendants who insisted on bringing their 12(b)(6)

motion, although they know that they are subject to the FLSA, having been previously cited by the U.S. Department of Labor for violations, even if not clearly set forth in plaintiff's initial complaint. Prior to Judge Howell's dismissal order, plaintiff offered to amend, setting forth additional and very detailed facts and documents, leaving no doubt that had plaintiff been granted leave to amend in her initial lawsuit (Civil Action No. 1:10-cv-114, Docs. 28, 29, 29-1), defendants would not have re-submitted their motion. (see, also, plaintiff's response to defendants' motion to dismiss, Docs. 18-0, 18-1, 18-2, 18-3, 18-4, 19).

It is important to understand the prior course of events that led the court to award attorney fees in <u>Siepel</u>. <u>Siepel</u> dealt with allegations by present and former beneficiaries of trusts and other financial accounts that Bank of America "wrongly transferred fiduciary account assets from common trust funds to Nations Funds,[1] charged greater fees and misrepresented that the Bank provided individualized fund management." <u>Id.</u> at 561. Other allegations pertaining to Bank of America's disclosures and representations were also made.

In finding that attorney fees under Rule 41(d) were appropriate, the <u>Siepel</u> court stated:

> The record provides ample evidence that <u>Plaintiffs are forum shopping</u>. Plaintiffs' counsel began filing lawsuits against the Bank four years ago seeking to certify a nationwide class to challenge the practices at issue in this litigation. They filed <u>five cases in four states prior to commencing this action</u>. <u>Three were voluntarily dismissed just before the class certification deadline</u>. <u>Two were dismissed because the plaintiffs failed to plead the amount-in-controversy requirements</u>. <u>The record shows that Plaintiffs have filed numerous cases, voluntarily dismissed them in order to avoid court-imposed deadlines and unfavorable rulings, and reasserted the dismissed claims in this case</u>.

---

[1] Nations Funds Trust was an investment company that offers various mutual funds. <u>Siepel</u>, 239 F.R.D. at 561.

Id. at 564. (emphasis supplied). None of this clearly vexatious conduct is present here.

The two most stated policy reasons behind awarding attorney fees in this setting are forum shopping and vexatious litigation. Here, it cannot be said that plaintiff is forum shopping since the case was refiled in the same court that granted the dismissal. Hence, Judge Howell must have been relying upon vexatious conduct on the part of plaintiff's counsel.

"[T]he purpose of Rule 41(d) [is] to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs of prior instances of such vexatious conduct . . . ." Andrew Meyer Designs, L.L.C. v. Hassan, No. 06-1085, 2006 WL 2251703, *2 (E.D. Pa. August 4, 2006). "Costs under Fed.R.Civ.P. 41(d) are appropriate when the plaintiff acts with vexatious intent or in an attempt to gain any tactical advantage by dismissing and refiling this suit." Robinson v. Nelson, No. 98-10802, 1999 WL 95720 (D. Mass. February 18, 1999). "On the other hand, as a general rule, courts may refuse to require payment of costs if it appears that there was a good reason for the dismissal of the prior action . . . ." Id. "It is appropriate to award attorneys' fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has re-filed the same previously dismissed suit in bad faith." Shaker Village Condominium Assoc., Inc. v. Certain Underwriters at Lloyds, No. 08-61935, 2009 WL 2835185, *2 (S.D. Fla. September 1, 2009).

Throughout the case law surrounding Rule 41(d) litigation, the term vexatious is oft times used, but no definition provided or even discussed. However, 28 U.S.C. §

1927[2] and associated case law is instructive.  In Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990), the court found that "[b]ehavior is vexatious when it is harassing or annoying, regardless of whether it is intended to be so. * * *  It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a serious and studies disregard for the orderly process of justice."

Plaintiff here admitted that she dismissed the first lawsuit when faced with the court's announced intention that it was inclined to grant defendants' 12(b)(6) motion, which was not based on any misleading allegations, misstatements of law, but merely due to the enhanced pleading requirements of Twombly.[3][4]  Both lead and then local counsel[5] were unaware of the recent amendment to Rule 15(a), that an amended complaint could be filed once without leave of the court.

Such conduct on the part of plaintiff's counsel rises nowhere near to the level of that relied upon by Judge Howell in his citation to the Siepel case and its five previous lawsuits, three of which were dismissed just prior to the class certification deadline.  Compare, Wishneske v Old Republic Insurance Company, No. 5:06-cv-148, 2006 WL 4764424 (M.D. Fla. October 10, 2006), which factually and procedurally is strikingly similar here, where the court observed:

> "On the trial court level, as well, several courts that have considered the issue of whether to award attorney's fees under Rule 41(d) have done so. While there is no bright line rule that emerges from any of these cases, the common denominator in those cases-at least in those cases where the

---

[2] "Any attorney or other person admitted to conduct cases in any court of the United states or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

[3] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The issue before Judge Howell was not that plaintiff could not allege sufficient facts to satisfy Twombly, but that she did not, and failed to amend as a matter of course under Rule 15(a).

[4] For the court's benefit, plaintiff has ordered the transcript of the hearing before Judge Howell.

[5] W. Carlton Metcalf, Van Winkle Law Firm.

Court has discussed the underpinnings for its authority to award attorney's fees under Rule 41(d)-appears to be that the Plaintiffs, there, exhibited some measure of bad faith, or repetitive and vexatious conduct in refiling the action.

The most instructive analysis for awarding attorney's fees as part of a cost award under Rule 41(d) is found in *Esquivel.* In *Esquivel,* the district court for the Central District of California concluded that attorney's fees would be appropriate to include in the award of Rule 41(d) costs where the defendant undertook unnecessary expenditures in litigating the previous law suit, such as the situation where the defendant had filed a lengthy motion to dismiss only to have it answered by a voluntary dismissal and the refiling of the case elsewhere.

In finding that costs under Rule 41(d) include attorney's fees, the *Esquivel* court first addressed the "American Rule" which recognizes "that, absent express statutory authority, bad faith or wilful (*sic*) disobedience of a court order, each party should bear the costs of its own attorneys' fees." The *Esquivel* court then proceeded one step further and proposed applying the "bad faith" exception to Rule 41(d) costs where a party has incurred unnecessary expenditures due to vexatious conduct in the course of litigation.

The Court finds highly instructive the reasoning of the *Esquivel* court. The Court agrees that the plain language of Rule 41(d) is permissive, and allows the Court to award costs, as well as attorney's fees, in its discretion. Moreover, consistent with *Esquivel,* <u>the Court concludes that the Court should exercise its discretion to award attorney's fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith</u>.

<u>That is not the situation in this case. Here, there is no showing that Plaintiff acted in bad faith in refiling the case or that Plaintiff's claims were refiled for any vexatious purpose. To the contrary, it is undisputed no discovery had been taken in the case previously filed and dismissed in the Southern District of Florida nor had there been any substantial motion practice initiated by the Plaintiff.</u> Notably, the case was dismissed just one month after Plaintiff filed the complaint. For these reasons, the Court concludes that there is <u>a complete absence of any showing of bad faith or vexatious conduct on the part of the Plaintiff when he dismissed the first action and refiled the claim</u> in Lake County.

Accordingly, because of the <u>absence of any showing of bad faith on the part of Plaintiff in refiling this action</u>, the Court is unwilling to exercise its discretion to include an award of attorney's fees as part of its award of

costs to Defendant under Rule 41(d) costs."

Id. at **3-4.  (emphasis supplied) (citations omitted).

Plaintiffs are obviously not forum shopping and have conducted themselves in accordance with the highest standards of ethical conduct and candor that this court deserves and requires.

## **CONCLUSION**

Taking into consideration (i) that the plain language of Rule 41(d) does not allow for attorney fees as costs, (ii) that a split in the districts of North Carolina regarding the issue exists (the Bill of Costs Handbook for the Western District of North Carolina does not allow for the attorney fees as costs, as well as LCvR 54.1(G)(4)), and (iii) that plaintiffs' conduct in dismissing and refiling this case does not rise to the level of any improper, vexatious or bad faith conduct cited by this or other courts that have awarded attorney fees under Rule 41(d),defendants' motion for attorney fees under Rule 41(d) should have been denied.  For these reasons and for the reasons cited in plaintiff's previous submissions to this court, Judge Howell's ruling should be reversed.

This the 12th day of August, 2011.

> s/Joseph H. Cassell
> Joseph H. Cassell *pro hac vice*
> REDMOND & NAZAR, L.L.P.
> 245 North Waco Street
> 402 Farm Credit Building
> Wichita, Kansas 67202
> Telephone: 316-262-8361
> Fax: 316-263-0610
> e-mail: jhcassell@redmondnazar.com

 s/Terry D. Smith
Terry D. Smith *pro hac vice*
SMITH LAW OFFICES
224 East Harvey St.
Wellington, Kansas 67152
Telephone: 620-361-0062
Fax: 316-361-0703
e-mail: tsmith@smithlawoffices.net

HUNTER AND CARPENTER, PLLC

s/Robert C. Carpenter
Robert C. Carpenter
NC Bar No.: 36672
One Pack Square, Suite 402
Asheville, N. Carolina 28801
Telephone: 828-281-1940
Fax: 828-281-9069
e-mail: : bocarpenter@huntercarpenter.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2011, I electronically filed the above and foregoing Objection to Magistrate's Order with the Court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system

 s/ Joseph H. Cassell
Joseph H. Cassell