# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv257

| | |
|---|---|
| STELLA ANDREWS, individually and on behalf of similarly situated persons, ) ) ) Plaintiffs, ) ) vs. ) ) AMERICA'S LIVING CENTERS, LLC, ) a for profit Limited Liability Corporation ) organized under the laws of the State of ) North Carolina, *et. al.*, ) ) Defendants. ) _____) | ORDER |

**THIS MATTER** is before the Court on the Defendants' Bill of Costs [Doc. 47] and the Plaintiff's Motion for Disallowance of Defendants' Bill of Costs [Doc. 48].

## PROCEDURAL HISTORY

The Plaintiff filed a Collective Action Complaint in this Court on November 3, 2010 alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201, *et. seq*. [Doc. 1]. The Plaintiff alleged, on behalf of herself and other similarly situated employees of the Defendants, that

she was improperly classified during her employment as an independent contractor, a classification which purportedly allowed the Defendants to avoid the overtime and minimum wage requirements of FLSA. [Id.]. In response to the Complaint, the Defendants moved for an award of costs pursuant to Federal Rule of Civil Procedure 41(d) and to stay this action pending payment of costs in a previously filed action which the Plaintiff voluntarily dismissed, Andrews v. America's Living Centers, LLC, *et. al*, Civil Case No. 1:10cv114, filed on June 4, 2010. [Doc. 26].

In that action, also brought pursuant to FLSA, the Plaintiff sought the same relief for the same conduct against the same Defendants as is alleged in this action. [Civil Case No. 1:10cv114 at Doc. 1]. The Defendants in that prior action moved to dismiss for failure to state a claim upon which relief could be granted. [Id. at Doc. 15]. In response, the Plaintiff moved for leave to amend her complaint in order to rectify any problems in the original complaint. [Id. at Doc. 28]. Before the Magistrate Judge issued a ruling on that motion, the Plaintiff voluntarily dismissed that action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) on November 3, 2010. [Id. at Doc. 30].

As noted above, this action was initiated on the same day that the Plaintiff voluntarily dismissed Civil Case No. 1:10cv114. The Defendants

moved for an award of costs, including attorney's fees, in connection with the previously filed action and to stay this action pursuant to Federal Rule of Civil Procedure 41(d) until such time as the costs were paid. [Doc. 26]. On August 3, 2011, the Magistrate Judge granted that motion, including the request for an award of attorney's fees as part of the award of costs, and stayed the action pending payment by the Plaintiff of the costs of the previous action. [Doc. 30]. The Magistrate Judge limited the award of attorney's fees to those incurred in the prior action by the Defendants in briefing the motion to dismiss, attending the hearing thereon and preparing therefor. [Id.].

The Plaintiff moved this Court to reconsider the Magistrate Judge's ruling. [Doc. 32]. On November 29, 2011, the undersigned denied that motion, instructed the parties to comply with the mandate of the Magistrate Judge to consult and absent agreement, to file a Bill of Costs, and continued a stay of this action pending payment of such costs. [Doc. 36]. From this ruling, the Plaintiff appealed. [Doc. 37].

On January 4, 2013, the United States Court of Appeals for the Fourth Circuit dismissed the Plaintiff's appeal as interlocutory. [Doc. 41]. Upon receipt of the Mandate from the Fourth Circuit, this Court implemented the Circuit's instructions and required the parties to consult

and absent agreement, to file a Bill of Costs. [Doc. 43]. The parties did consult but could not agree. On March 20, 2013, the Defendants filed a Bill of Costs pursuant to which they seek a total of $25,437.75 in costs representing $24,443.75 in attorney's fees, $850.50 for legal research and $143.50 for mileage. [Doc. 47]. In response, the Plaintiff moved to disallow the bill. [Doc. 48]. The Defendants have not responded to that motion.

## DISCUSSION

The Magistrate Judge limited the award of attorney's fees to those fees incurred in briefing the motion to dismiss, preparing for the hearing thereon and attending that hearing. [Doc. 30]. That ruling was upheld by the undersigned on reconsideration. [Doc. 36]. Despite that explicit limitation, the Defendants have submitted a Bill of Costs which includes all time spent by their attorneys in connection with the prior case in its entirety. [Doc. 47-1]. The Plaintiff correctly objected. The Court has reviewed the time records submitted by the Defendants and will not consider any time spent on any legal services other than those approved by this Court. In some entries on the time records, it is impossible to separate time spent on other issues from time spent on the motion to dismiss. [Doc. 47-1 at 6]. In those instances, the Court is unable to consider any portion of the time at

issue in view of the clear instructions from the Court to counsel and the failure of counsel to follow such instructions. Likewise, an entry which contains no description of the services rendered will also not be considered. [Doc. 47-1 at 11]. Having eliminated the time claimed that is outside the scope of this Court's earlier orders, the Court calculates the amount of attorney's fees to be awarded to Defendants as part of the bill of costs to be $13,403.75.

The Court notes that in her motion to disallow, the Plaintiff claims the total of attorney's fees and costs should be limited to $7,000.00. [Doc. 48]. The memorandum of law submitted in support of that motion in no manner explains how the Plaintiff arrived at that figure and it is rejected based on the Court's review of the time records for attorney's services.

The Plaintiff also objected to the Defendants' inclusion in the Bill of Costs of mileage for travel costs, paralegal fees and computerized legal research costs. [Doc. 49 at 5]. The Defendants failed to respond to the Plaintiff's objection to these items, including an award for paralegal fees, and the Court therefore will sustain the objection. TM, LLC v. Anderson, 2013 WL 240534 (E.D.N.C. 2013).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for

Disallowance of Defendants' Bill of Costs [Doc. 48] is hereby **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Defendants are hereby **AWARDED** the sum of Thirteen Thousand Four Hundred Three Dollars and Seventy-Five Cents ($13,403.75) as attorney's fees to be paid by the Plaintiff.

**IT IS FURTHER ORDERED** that the Bill of Costs as to any other costs is hereby **DISALLOWED**.

**IT IS FURTHER ORDERED** that the stay of this action remains in place pending payment of the award of attorney's fees. The Defendants are hereby **ORDERED** to file a report with the Court at such time as the award is paid and, in any event, to file a report with the Court on or before six (6) months from entry of this Order as to whether the award has been paid.

Signed: April 29, 2013

Martin Reidinger
United States District Judge